*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
CARL ULRICH, :
*on behalf of himself and all others* :
*similarly situated,* :
: Civil Action No.: 18-15794 (FLW)
Plaintiff, :
:
v. :
: **OPINION**
DIVERSIFIED CONSULTANTS :
INTERNATIONAL, :
*doing business as* :
DIVERSIFIED CONSULTANTS, INC., :
:
Defendant. :
_____:

**WOLFSON, United States Chief District Judge:**

This putative class action arises out of Plaintiff Carl Ulrich's ("Plaintiff") claim that Diversified Consultants, Inc. ("Defendant" or "DCI") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seg*, by sending a false or misleading debt collection letter that failed to effectively inform Plaintiff what he must do in order to dispute the alleged debt. In the present matter, Defendant moves to dismiss Plaintiff's FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

BACKGROUND

For purposes of this motion, the facts alleged by Plaintiff in his Complaint ("Compl.") are taken as true. Plaintiff filed a putative class action suit on November 7, 2018 against Defendant. Plaintiff is a resident of Tuckerton, New Jersey. Compl., ¶ 2. Defendant is debt collection agency

operating in Jacksonville, Florida.[1] *Id*. ¶ 3. On November 12, 2017, Defendant sent to Plaintiff a one-page collection letter regarding a debt owed to TMobile in the amount of $2,283.18. *See* Compl., Exh. A., Letter dated November 12, 2017. The Letter reads as follows:

PO BOX 1391
SOUTHGATE, MI 48195-0391

DIVERSIFIED
CONSULTANTS, INC.

11/12/17
Creditor: TMobile
Account Number:\*\*\*\*\*\*77
Agency Reference Number: \*\*\*\*\*266
Current Balance: $2.283.19

Carl Ulrich
..................................................................

This notice is to inform you that your account with TMobile has been referred to our office for collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Diversified Consultants, Inc.
PO Box 5551268
Jacksonville, FL 32255-1268
844-612-1006

| Toll Free: 844-612-1006 | Hours of Operation: | Pay Your Bill Online at: |
|---|---|---|
| | Monday – Thursday: 8 AM – 11 PM EST | www.dcicollect.com |
| | Friday: 8 AM – 10 PM EST | |
| | Saturday: 9 AM – 4 PM EST | |

*Id*.

---

[1] There is no dispute that under 15 U.S.C. § 1692a(3), Plaintiff meets the statutory definition of a "consumer," and Defendant is a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6).

Beneath the signature line, the Letter concludes with a detachable mail payment form labeled with the instructions: "Detach and Return with Payment." The detachable mail payment form includes a section for the consumer to fill out requesting credit or check information, name and signature of cardholder, and the amount submitted. The current balance ($2,283.19), the creditor (TMobile), account number (******77), and agency reference number (*****266) are located on the bottom portion of the form as well has DCI's mailing address as follows:

> DIVERSIFIED CONSULTANTS, INC.
>
> PO BOX 551268
> JACKSONVILLE, FL 32255-1268

Based on this communication, Plaintiff alleges that DCI violated 1) 15 U.S.C. § 1692e by making false, deceptive, or misleading representations or means in connection with the collection of the debt that makes the Letter open to more than one reasonable interpretation, at least one of which is inaccurate; and 2) that DCI violated 15 U.S.C. § 1692g, by falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing. Plaintiff alleges that the Letter does not meet the required guidelines of the FDCPA because it falsely omits the requirement of the "G Notice" in the first sentence by leaving out the requirement that a consumer must dispute in writing, and that the second sentence of the "G Notice" begins: "If you notify this office in writing…" implying that the writing requirement is voluntary. When coupled with the failure of the first sentence to contain any mention of the word "writing," the Plaintiff alleges that the least sophisticated consumer would be confused as to what his actual requirements were for properly disputing the debt.

In lieu of an answer, Defendant moves to dismiss Plaintiff's claims, arguing that Plaintiff fails to state a legal claim under the FDCPA.

## DISCUSSION

**I. Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a pleading "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleader's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss, the court views the complaint and determines if the factual allegations pleaded, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

When reviewing the motion to dismiss, the court must "accept as true all the factual allegations in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). In addition, it is required that all reasonable readings of the complaint be made in the favor of the plaintiff. *Kaymark v. Bank of America*, N.A., 783 F. 3d 168, 174 (3d. Cir. 2015). A motion to dismiss does not attack the merits of the action but requires that the legal sufficiency of the complaint be tested. *See Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009).

While the court accepts the facts alleged in the complaint as true, the plaintiff's pleadings must allege more than legal conclusions. *Id*. For a plaintiff to survive a Rule 12(b)(6) motion, a plaintiff is obligated to provide factual allegations that are sufficient to raise a right to relief above the speculation that all of the allegations in the complaint are true and that are facially plausible on their face. Twombly, 127 S. Ct. at 1959. A complaint is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d

868 (2009). A "sheer possibility that the defendant has acted unlawfully" will not satisfy the plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. 544 at 557).

In determining whether a complaint meets the pleadings standard, the Third Circuit requires that: 1) the court "outlines the elements a plaintiff must plead to state a claim for relief; 2) carefully determine which allegations "are no more than conclusions and thus not entitled to the assumption of truth; and 3) determine whether the remaining allegations that are well-pled give an entitlement to relief. *Bistrian v. Levi*, 696 F. 3d 352, 365 (3d Cir. 2012); see also *Iqbal*, 556 U.S. at 679.

## II. FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The purpose of the FDCPA is to ensure that consumers are protected from fraudulent practices by prohibiting certain abusive, deceptive, and unfair debt collection practices. *Marx v. General Revenue Corp.*, 568 U.S. 371, 374, 133 S. Ct. 1166, 185 L. Ed. 2d 242 (2013). Under the FDCPA, a debt collector is prohibited from engaging in "any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d. As such, a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Further, the FDCPA requires debt collectors to provide the consumer with a written notice containing certain information regarding the debt allegedly owed within five days of initial communication. See 15 U.S.C. § 1692g(a).

To ensure enforcement, the FDCPA creates a private right of action for plaintiffs which enables them to bring suits against debt collectors who violate the FDCPA's provisions. 15 U.S.C. § 1692k; *see Grant v. JPMorgan Chase Bank*, No. 12-06248, 2013 U.S. Dist. LEXIS 51551, at *5

(D.N.J. Apr. 10, 2013). To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violation of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Id.* (quoting *Berk v. JPMorgan Chase Bank*, N.A., No. 11-2715, 2011 U.S. Dist. LEXIS 109626, at *8 (E.D. Pa. Sept. 26 2011) (citing 15 U.S.C. §§ 1692a-o)). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F. 2d. 1163, 1167 (3d Cir. 1987).

The Third Circuit construes the language of the FDCPA broadly as it is a remedial statute. *Brown v. Card Service Center*, 464 F. 3d. 450, 454 (3d Cir. 2006). Because of the FDCPA's remedial nature, the court analyzes "any lender-debtor communications [as] potentially giving rise to claims under the FDCPA" and thus, communications between lenders and debtors "should be analyzed from the perspective of the least sophisticated debtor." *Id.* The least sophisticated debtor perspective is a well-established legal principal recognized throughout the Courts of Appeals. *See, e.g., Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *United States v. National Fin. Servs.*, 98 F. 3d 131, 135 (4th Cir. 1996); *Smith v. Transworld Systems, Inc.*, 953 F. 2d 1025, 1028 (6th Cir. 1992). Further, the Third Circuit has held that the least sophisticated debtor perspective is consistent with "basic consumer-protection principles" that are at the heart of the FDCPA's purpose. *See Wilson v. Quadramed Corp.*, 225 F. 3d 350, 354 (3d Cir. 2000).

Under the least sophisticated debtor standard, the court requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown*, 464 F. 3d. at 454 (quoting *Wilson*, 225 F. 3d at 354); *see also Graziano v. Harrison*, 950 F.2d 107,

111 (3d Cir. 1991). Rather, the least sophisticated debtor standard requires less than that of a reasonable debtor, which would ask "whether a particular debt collection communication would mislead or deceive a reasonable debtor." The reasonable debtor standard, however, does not "provide solace to the willfully blind or non-observant." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F. 3d 294, 299 (3d Cir. 2008). The least sophisticated debtor standard, on the other hand, presumes that the debtor has "a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). In addition, "the least sophisticated debtor is bound to read collection notices in their entirety." *Campuzano-Burgos*, 550 F. 3d at 299. Indeed, this standard "comports with [the] basic purpose of the FDCPA . . . to protect 'all consumers, the gullible as well as the shrewd.'" *Id.* (quoting *Wilson*, 225 F. 3d at 354-55 (internal quotation marks and citation omitted)).

A. § 1692g

In the Complaint, Plaintiff alleges that Defendant violated § 1692g by "falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing." Compl., ¶ 34. Plaintiff argues that Defendant's Letter "is open to more than one reasonable interpretation, at least one of which is inaccurate." Compl., ¶ 29. As such, Plaintiff maintains that using the word "if" in the second sentence of the debt collection Letter implies that the writing requirement is voluntary, and that when coupled with the first sentence's failure to contain any mention of the word "writing," it is confusing to the least sophisticated debtor as to what his actual requirements are for properly disputing the debt, and thus, in violation of § 1692g. Compl., ¶ 20.

Section 1692g(a) provides that a debt collector is required to include the following information within five days after the initial communication with a consumer:

(1) The amount of the debt
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and
(5) A statement that, upon the consumer's written request within the third-fay period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Congress included these debt validation provisions to guarantee that consumers would receive notice of their rights under the law. *Wilson*, 225 F. 3d at 354. The FDCPA further mandates that if the consumer has provided written notice within the 30-day period that he or she disputes the debt, or requests the name of the original creditor, the debt collector must cease all efforts to collect the debt until the debt collector obtains and mails to the consumer either verification of the debt, a copy of a judgement to the consumer, or the name and address or the original creditor. *See* 15 U.S.C. § 1692g(b).

The Third Circuit has routinely held that an effective validation notice is one "where the validation notice is [not] overshadowed or contradicted by accompanying messages or notices from the debt collector." *Wilson*, 225 F. 3d at 355; *see Graziano*, 950 F. 2d at 111*; see also Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F. 3d 142 (3d Cir. 2013). Moreover, Congress has reconfirmed that the requirement that the validation notice not be overshadowed is integral to the FDCPA, as evidenced by Congress amending § 1692g(b) in 2016 to provide that "[a]ny collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of consumer's rights to dispute the debt or request the name and address of the original creditor." *Caprio*, 709 F.3d at 148. Thus, a collection letter cannot be

deceptive, overshadowing, or contradictory so as to make the least sophisticated debtor uncertain of his or her rights. *Wilson*, 225 F 3d. at 354. A collection letter is deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id*. (quoting *Russel v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2nd Cir. 1996)). It is a question of law left to the courts whether the language in a collection letter overshadows or contradicts the FDCPA validation notice. *Caprio*, 709 F. 3d at 147.

Here, the at-issue validation notice reads as follows:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. ***If*** you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. ***If*** you request of this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

Compl., Exh. A., Letter dated November 12, 2017 (emphasis added). The Court notes that the language of the validation notice mirrors the statutory language set forth in 15 U.S.C. § 1692g(a). Plaintiff takes issue with the word "if" used in the notice. Plaintiff argues that the first sentence of the notice does not explicitly direct the debtor to submit a dispute in writing, and he further contends that the next two sentences, despite referencing an "in writing" requirement, are nonetheless couched in permissive terms. In other words, Plaintiff suggests that such language leaves the door open for the debtor to conclude that a written dispute is merely an option, but not required. Plaintiff cites three recent decisions in the United States District Court for the Eastern District of Pennsylvania: *Henry v. Radius Global Sols., LLC*, 357 F. Supp. 3d 446 (E.D. Pa. 2019), *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 U.S. Dist. LEXIS 2270 (E.D. Pa. Jan. 7, 2019), and *Guzman v. HOVG, LLC*, 340 F. Supp. 3d 526 (E.D. Pa. 2018), which found almost identical validation notices violative of the FDCPA.

In *Henry* and *Durnell*, the courts reasoned that using the word "if" in the validation notice could confuse the least sophisticated consumer as to whether a written response was required. *See Henry*, 357 F.3d at 458; *Durnell*, 2019 U.S. Dist. LEXIS, at *9-10. The *Durnell* court was concerned that by "reading the 'unless' and 'if' sentences together, the least sophisticated consumer could believe that either a written or oral response is sufficient to dispute the debt," thus creating a notice letter with two or more different meanings, one of which is inaccurate. *Id*. (quoting *Poplin v. Chase Receivables, Inc.*, No. 18-404, 2018 U.S. Dist. LEXIS 218818 (D.N.J. Sept. 26, 2018). Similarly, in *Guzman*, the court determined that the validation notice violates § 1692g because the language that mirrors § 1692g(a)(3)-(5) "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Guzman*, F.3d at 532 (quoting *Caprio*, 709 F.3d at 152). Although the reasoning in *Henry*, *Durnell*, and *Guzman* is well taken, I respectfully disagree.

This is not the first time that I have confronted this issue. I previously held, in *Borozan v. Fin. Recovery Servs.*, No. 17-11542, 2018 U.S. Dist. LEXIS 104691 (D.N.J. Jun. 22, 2018), and more recently in *Rodriguez v. Northland Grp.*, LLC, No. 18-7692, 2018 U.S. Dist. LEXIS 209997 (D.N.J. Dec. 13, 2018), that a validation notice -- nearly identical to the one here -- did not violate the FDCPA. This Court explained, equally applicable here, that by using the word "unless" in the first sentence, the notice informs the consumer of the consequences if he or she fails to dispute the debt. The second sentence then provides instructions on how to dispute the debt and the effect of disputing a debt by specifically stating "If you notify this office in writing . . . ." While Plaintiff asserts that the second sentence of the notice which begins with, "If you notify this office in writing…", implies that the writing requirement is voluntary when coupled with the failure of the first sentence to contain any mention of the word "writing," Compl., ¶ 20, I find that this

interpretation is strained even when the least sophisticated debtor standard is applied. The least sophisticated debtor standard does not offer relief to the willfully blind or those who act carelessly. *Campuzano-Burgos*, 550 F.3d at 299. When applying the least sophisticated debtor standard, the consumer is presumed to have read the whole Letter. *Id.*; *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir. 1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard). In that regard, the consumer would understand that the notification mentioned in the second sentence refers to the first; that is, read together, unless the debtor disputes the debt in writing, the debt would be presumed valid. The use of the word "if" in the validation notice, as it was used here, would not confuse a consumer as to how to dispute the debt because the Letter does not suggest that a debtor may dispute the debt in any other method besides the in-writing requirement. Furthermore, the Letter uses language that mirrors the statutory language provided in § 1692g(a), without providing confusing, alternative ways to dispute the debt that would contradict the validation. *Rodriguez*, 2018 U.S. Dist. LEXIS 209997 at *14; *Bozoran*, 2018 U.S. Dist. LEXIS 104691 at *19. DCI likely "relied upon the plain language of the statute and mirrored such language in its debt collection letters. As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue." *Rodriguez*, 2018 U.S. Dist. LEXIS 209997. Thus, I do not deem the language of the Letter to be an abusive debt collection practice because it closely tracks the statutory language provided in § 1692g(a).

I note that numerous courts, when confronted with identical validation notices, are in accord with this conclusion. See, e.g., *Portela v. Diversified Consultants, Inc.*, 2019 U.S. Dist. LEXIS 17885; *Hernandez v. Mercantile Adjustment Bureau*, LLC, No. 13-843, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013); *Hillman v. NCO Fin. Sys., Inc.*, No. 13-2128, 2013 U.S.

Dist. LEXIS 137221 (E.D. Pa. Sep. 25, 2013); *Max v. Gordon & Weinberg P.C.*, No. 15-2202, 2016 U.S. Dist. LEXIS 14703 (D.N.J. Feb. 8, 2016); *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 U.S. Dist. LEXIS 15661 (D.N.J. Jan. 31, 2018); *Ferrulli v. BCA Fin. Servs.*, No. 17-13177, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018); *Velez v. Cont'l Serv. Grp.*, No. 17-2372, 2018 U.S. Dist. LEXIS 57282 (M.D. Pa. Apr. 4, 2018); *Parker v. CMRE Fin. Servs., Inc.*, No. 07-1302, 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007); *Sebrow v. NCO Fin. Sys., Inc.*, No. 08-1725, 2009 U.S. Dist. LEXIS 76582 (E.D.N.Y. Aug. 27, 2009); *Borucki v. Vision Fin. Corp.*, No. 13-386, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992); *Aronson v. Commercial Fin. Servs.*, No. 96-2113, 1997 U.S. Dist. LEXIS 23534 (W.D. Pa. Dec. 22, 1997).

**B.     § 1692e**

Plaintiff's § 1692e claim is premised on the same allegations as his § 1692g claim. Because Plaintiff's § 1692g claim fails, similarly, his § 1692e claim also fails. Under § 1692e(10), "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is prohibited. "When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 154; *Reynolds v. Encore Receivable Mgmt*, No. 17-2207, 2018 U.S. Dist. LEXIS 83902, at *16-17 (D.N.J. May 18, 2018)("Because Plaintiff's claim under Section 1692e is based on the same allegations as her claim under Section 1692g, the foregoing analysis as to Section 1692g is dispositive."). Therefore, for the reasons why Plaintiff fails to state a claim under § 1692g, his claim under § 1692e also fails for the same reasons.

Accordingly, Defendant's motion to dismiss is **GRANTED**.

Dated: June 10, 2019                                          /s/ Freda L. Wolfson
                                                              Hon. Freda L. Wolfson
                                                              United States Chief District Judge